UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**AIM IMMUNOTECH, INC,**

    **Plaintiff,**

v.                                                Case No: 5:22-cv-323-GAP-PRL

**FRANZ TUDOR, TODD DEUTSCH,
TED KELLNER, JONATHAN
JORGL, WALTER LAUTZ and MCEF
CAPITAL LLC,**

    **Defendants.**

 

### ORDER

This matter is before the Court on the motion of Defendant, Walter Lautz to set aside the clerk's entry of default. (Doc. 67). Although Defendant represents in his motion that Plaintiff opposes the requested relief, Plaintiff has not filed a response and its time to do so has passed.

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause. . ." The good cause standard under Rule 55(c) is a liberal standard and distinguishable from the more rigorous excusable neglect standard applicable to a request to set aside a default judgment. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *EEOC v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 527-28 (11th Cir. 1990).

Plaintiff filed this action on July 15, 2022. On August 31, 2022, Plaintiff moved for entry of a clerk's default against Defendant Lautz. (Doc. 21). In support of its motion, Plaintiff filed an Affidavit of Service showing that substitute service was affected on Robert Lautz on

July 29, 2022 at an address in Beverly Hills, California. (Doc. 21-1). Based on this filing, the clerk entered default on August 31, 2022. (Doc. 22). On September 6, 2022, attorney Michael Stegawski filed a notice of appearance on behalf of Defendant Lautz (Doc. 23) and filed a waiver of service of the summons. (Doc. 24). Defendant Lautz did not move to set aside the entry of default at that time. However, his counsel filed a notice on September 15, 2022, advising that he wanted to participate in a case management conference, that the entry of default was improper because substitute service was defective, and that counsel "have begun the conferral process on setting aside the Clerk's default." (Doc. 34 at 2 & n.1).

On October 11, 2022, this Court dismissed Plaintiff's complaint without prejudice for lack of standing. (Doc. 48). On November 9, 2022, Plaintiff filed an amended complaint attempting to correct the standing issue. (Doc. 54). On November 23, Defendant Lautz filed a motion to dismiss for lack of jurisdiction. (Doc. 63). He also filed the instant motion to set aside the clerk's default "to avoid any confusion" that he seeks to continue in this action. (Doc. 67). Defendant Lautz contends that the purported substitute service –which was made on Robert Lautz (his father) in Beverly Hills, California—was defective because it was neither left at Defendant Lautz's usual place of abode nor with any person residing with him. According to Defendant Lautz, he resides (and has resided since the commencement of this action) in Phoenix, Arizona.

Given Defendant's clear intention to defend this action and his challenge to service, as well as the lack of opposition by Plaintiff, Defendant's motion (Doc. 8) is due to be **GRANTED**. The Clerk's default entered against Defendant Walter Lautz on August 31, 2022 (Doc. 22) is **SET ASIDE**.

- 3 -

**DONE** and **ORDERED** in Ocala, Florida on December 12, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties