UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**AIM IMMUNOTECH, INC,**

    **Plaintiff,**

v.                                                                Case No: 5:22-cv-323-GAP-PRL

**FRANZ TUDOR, TODD DEUTSCH,
TED KELLNER, JONATHAN
JORGL, WALTER LAUTZ and MCEF
CAPITAL LLC,**

    **Defendants.**

_____

**ORDER**

Plaintiff AIM Immunotech, Inc. ("AIM"), brought this action against Defendants asserting a violation of § 13(d) of the Securities and Exchange Act of 1934 (the "Exchange Act").[1] At issue here is Plaintiff's motion to compel complete discovery responses from Defendants, Franz Tudor, Todd Deutsch, Ted Kellner, and MCEF Capital, LLC. (Doc. 92). Tudor, against whom default has been entered, did not file a response to the motion. The other three Defendants, however, filed a joint response, with supporting declarations (Docs. 93, 94, 95).

---

[1] Section 13(d) is a reporting provision that requires a shareholder (or group of shareholders) who accumulate more than five percent of the stock of the publicly held company to disclose certain information to the issuer of the stock, the exchanges on which the stock is traded, and the SEC. *Hemispherx Biopharma, Inc. v. Johannesburg Consolidated Investments*, 553 F.3d 1351, 1362 (11th Cir. 2008).

I.     Background

In this action, Plaintiff alleges that Defendants worked together to attempt to take control of AIM, including nominating director candidates and soliciting proxies for AIM's annual meeting. Their first alleged attempt to nominate directors occurred on April 18, 2022, when Defendant Walter Lautz submitted a proposal to nominate Robert Chioini and Daniel Ring and sought to have them included in AIM's proxy statement as nominees to run for the director positions on AIM's Board of Directors ("Lautz Proposal"). AIM rejected the Lautz Proposal as flawed. After Lautz's proposal failed, Jorgl submitted a nomination notice on behalf of the Defendants. On July 8, 2022, Jorgl provided to AIM a notice of stockholder intent to nominate Robert Chioini and Michael Rice for election as directors at the 2022 annual meeting of AIM's Stockholders ("Jorgl Notice"). The AIM Board of Directors rejected the Jorgl Notice. Plaintiff then filed this action alleging that because Defendants coordinated their efforts to effectuate a change in control and beneficially owned more than 5% of AIM's outstanding stock, they were required to file disclosures under 13(d), which they did not do.

Following AIM's rejection of Jorgl's Notice, Jorgl filed a lawsuit in Delaware Chancery Court challenging the rejection. ("Delaware action").[2] The Delaware court ultimately denied Jorgl's motion for a preliminary injunction to force his nominees on the ballot. (Doc. 79-1, Ex. B). In the Delaware action, AIM served non-party subpoenas on Deutsch and Kellner. The subpoenas sought fifteen broad categories of documents all related to the issues in the Delaware and this action.

---

[2] *Jorgl v. AIM Immunotech, Inc., et al.,* Case No. 2022-0669-LWW (Del. Ct. Ch. 2022)

## II.     Discovery Requests

On January 20, 2023, Plaintiff propounded its first requests to produce to Defendants that included 29 requests and defined the "relevant period" as December 1, 2020 through the date of production. (Doc. 92-1, 92-2, 92-3, and 92-4). While their specific responses varied, Defendants each took the position that Plaintiff is only entitled to the same documents previously provided pursuant to its subpoena in the Delaware action.[3] Defendants objected to the "relevant period" in this action because it went further back in time than the Delaware subpoena, which sought documents dating back to July 1, 2021.[4] They also objected to the discovery as unduly burdensome because it would require Defendants to again engage an outside vendor to retrieve potentially additional ESI and would require Defendants to determine which documents produced in the Delaware action relate to each specific request.

Plaintiff filed the instant motion asking the Court to overrule Defendants' objections and compel them to produce the following categories of information for the period of December 1, 2020 through the present:

> • All documents, emails, text messages, direct messages on social media, instant messages, letters, correspondence, or other communications between, involving, or relating to AIM, its Board of Directors, or any member of its Board of Directors.
>
> • All documents and communications related to the Jorgl Notice, Jorgl Rejection, Jorgl Nomination Efforts, and all documents and communications related to the Lautz Proposal, Lautz Rejection, and Lautz Nomination Efforts.

---

[3] Tudor also points to documents he previously produced in response to a subpoena Plaintiff served on Tudor on or about July 2022, in an action pending in the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, *AIM Immunotech Inc. v Franz Tudor*, CASE 21-CA-393 (the "Florida Subpoena").

[4] And in the case of Tudor, he notes that the instant discovery also seeks documents beyond the time period imposed by the Florida Subpoena.

- All documents and communications related to AIM's annual meeting, the election of directors to the Board, voting rights, or voting shares of AIM.

- All documents and communications related to the financing or reimbursement of expenses, or contributions towards any expenses related to any proxy contest involving AIM or any efforts to nominate candidates for election as directors to AIM's Board of Directors.

- All documents or communications regarding the purchase, transfer, or ownership (whether beneficial or of record) of shares of AIM common stock, or any other stock or securities of AIM, or any Derivative interest in AIM Securities by members of the Group and related persons and entities.

- All documents, records, and communications related to any purchase and sale of stock or securities of AIM stock, or any Derivative Interest in AIM Securities.

Plaintiff also asks the Court to award its reasonable costs and attorney's fees incurred in bringing this motion pursuant to Fed. R. Civ. P. 37(A)(5)(A).

### III. Legal Standards

Parties may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The Court has broad discretion in managing pretrial discovery matters and in deciding to compel or deny discovery. *Josendis v. Wall to Wall*

*Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

### IV. Discussion

Simply stated, Defendants argue that Plaintiff is not entitled to additional document production in this case beyond that which was already provided in the Delaware action. Defendants, however, have failed to cite any legal authority to suggest that the scope of discovery conducted in the Delaware action, or the cost of discovery in that action, can be used to limit the discovery sought in this entirely separate case.

There is no dispute that documents previously produced in the Delaware action are responsive to discovery requests here. In fact, it appears that any additional production largely would arise from the expanded "relevant period"—i.e., from July 1, 2021 to December 1, 2020.[5] While Defendants attempt to characterize the seven-month expansion as "arbitrary" and lacking "significance," the "relevant period" is actually tailored to the facts of this case. Indeed, the Amended Complaint alleges that "well before the current hostile takeover efforts formally began, the Group attempted to disparage AIM and suppress AIM's stock value" and as part of those efforts they "tried to interfere with AIM's day-to-day operations and its investor relations firm." (Doc. 54 at ¶¶ 32-33). In the instant motion, AIM clarifies that "Tudor and Deutsch began their harassment of AIM's management and its investor relations firm in late 2020 and continued through the spring of 2022." (Doc. 92 at 8-9). Given these allegations, discovery related to this seven-month period is relevant.

---

[5] In response to the motion to compel, Defendants clarified that this issue only relates to Deutsch. (Doc. 93 at 4-5).

Nevertheless, Deutsch argues that he should not be required to produce documents from this seven-month period because of the financial burden. To that end, Deutsch filed a Declaration in which he states that he incurred more than $26,000 in attorney's fees and costs responding to the Delaware subpoena and he anticipates incurring an additional $10,000 if he is required to produce documents covering the seven-month period. (Doc. 95). Given the relevance of the requested discovery and the fact that Deutsch is the best person to produce documentation regarding his involvement with the alleged Group, the Court cannot say that the speculative expense of the proposed discovery outweighs its benefit. As such, because the requested discovery is relevant and proportional to the needs of the case, Defendants' objections are overruled.

Accordingly, Plaintiff's motion (Doc. 92) is **GRANTED** to the extent that within **14 days** of this Order, Defendants shall provide full and complete responses to Plaintiff's First Request to Produce. In their responses, Defendants cannot simply refer to the production made in the Delaware action. Instead, they must produce the discovery **in this action** and identify which documents are responsive to each of Plaintiff's specific discovery requests.

When, as here, a court decides a motion to compel, the prevailing party is entitled to its costs, including reasonable attorney's fees, unless (i) the requesting party failed to make a good faith attempt to obtain the discovery without a court order; (ii) the responding party's position was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A), (B). Here, given the unusual circumstances presented by the two related actions as well as the questions raised about Plaintiff's compliance with Local Rule 3.01(g) prior to filing the motion to compel, the Court declines to award costs and attorney's fees.

- 7 -

**DONE** and **ORDERED** in Ocala, Florida on June 13, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties